# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

VINCENZO ENVER VALACHI, ADC #099530A                                              PLAINTIFF

v.                                  NO. 4:17CV00774 JLH-PSH

CHRISTOPHER ASHCRAFT, et al.                                                      DEFENDANTS

## ORDER

Vincenzo Enver Valachi, an inmate confined to the Arkansas Department of Correction's Varner Unit, filed this *pro se* action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and the Rehabilitation Act. The remaining defendants are Christopher Ashcraft, Meredith McConnell, and Edward Lane. The parties agree that Valachi sues Ashcraft in both his official and individual capacities, and McConnell and Lane in their official capacities only. Documents #53 and #59. The defendants move for judgment on the pleadings on Valachi's official capacity claims, arguing that they are all barred by Eleventh Amendment sovereign immunity.

The magistrate judge assigned to this case has recommended that all of Valachi's official capacity claims for money damages be dismissed, but that the defendants' motion for judgment on the pleadings be denied as to Valachi's official capacity claims for prospective injunctive relief. Document #60. Valachi has objected to the dismissal of the official capacity claims for damages, saying that in the ADA Congress abrogated the states' Eleventh Amendment immunity, at least in part, pursuant to *United States v. Georgia*, 546 U.S. 151, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006). Documents #61 and #62. After carefully considering the objections and making a *de novo* review of the record in this case, the Court partly adopts and partly declines the Proposed Findings and Partial Recommendation. Document #60.

Valachi cannot recover damages against the defendants in their official capacities for his

claims brought under § 1983. *Roe v. Nebraska*, 861 F.3d 785, 789 (8th Cir. 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). But Valachi can potentially recover damages against the defendants in their official capacities under Title II of the ADA, as well as under the Rehab Act. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 635 (8th Cir. 2014) ("As to the request for damages, the MDOC waives sovereign immunity under the [Rehab Act] by accepting federal funds. Title II of the ADA abrogates both the State of Missouri's and the MDOC's immunity for conduct that actually violates the Fourteenth Amendment." (citing *Georgia*, 546 U.S. at 159, 126 S. Ct. 877)).

The Court therefore declines to adopt the Proposed Findings and Partial Recommendation to the extent that it recommends dismissing Valachi's claims for money damages under the ADA and the Rehab Act, but it is otherwise adopted. Document #60. The defendants' motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART. Document #52. Valachi's official capacity claims for money damages pursuant to § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 19th day of June, 2019.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE